OPINION
 

 WANDA McKEE FOWLER, Justice.
 

 Appellant Grant was sentenced to thirty years’ confinement after a jury found him guilty of failing to register as a sex offender; the charge was enhanced by Grant’s two prior felony convictions. Appellant contends the evidence is legally and factually insufficient to support the conviction. Appellant further contends section 62.04 of the Texas Code of Criminal Procedure violates the United States and Texas constitutions. Because we find no merit in these contentions, we affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Appellant was required to register as a sex offender by chapter 62 of the Texas
 
 *672
 
 Code of Criminal Procedure because he previously had been convicted of a reportable offense. In February of 2003, appellant was living in a halfway home while working and attending classes as a condition of his parole. On February 7, 2003, appellant left for work and never returned to the halfway home. Police arrested appellant on April 28, 2003, and he was charged with failing to report, as required, within seven days of his intended change of address. A jury convicted appellant of this offense and found that two enhancement paragraphs were true. The trial court then sentenced appellant to thirty years’ imprisonment.
 

 ANALYSIS
 

 Chapter 62 of the Texas Code of Criminal Procedure outlines the reporting requirements for persons convicted of a sexual offense. If a person who is required to register “intends to change address,” Article 62.04 requires the person to “report in person to ... the person’s primary registration authority” and to “provide the authority ... with the person’s anticipated move date and new address.” Tex.Code Crim. P. art. 62.04. This must be done “not later than the seventh day before the intended change.”
 
 Id.
 

 Legal and Factual Sufficiency Challenges
 

 Appellant contends the evidence is legally insufficient because there is no proof that he ever intended to move but, instead, simply left unexpectedly. Because his departure was not planned, appellant argues the State failed to prove he intended to move, and failed to prove he had an anticipated move date and new address. The following evidence supports the jury’s verdict. The State showed appellant left the halfway home, where he had been living on February 7, 2003, and did not return. The State also showed that, shortly before his departure, appellant discussed moving in with a Mend who was an evangelist. Appellant admitted he left the halfway home and did not return. Finally, the State showed appellant never contacted his primary registration authority to report his anticipated move date and new address.
 

 Viewing this evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that appellant was subject to the reporting requirement and that he violated article 62.04.
 
 See Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
 
 Wesbrook v. State,
 
 29 S.W.3d 103, 111 (Tex.Crim.App.2000) (en banc). We find the evidence legally sufficient to support appellant’s conviction.
 
 See Herrell v. State,
 
 No. 02-03-055-CR, 2004 WL 1175311, at *1-2 (Tex.App.-Fort Worth May 27, 2004, no pet.) (not designated for publication) (holding evidence was legally sufficient to support conviction under 62.04 when appellant left his halfway home without notice and previously had expressed a desire to move in with his brother);
 
 Perez v. State,
 
 No. 06-03-00067-CR, 2004 WL 351812, at *1-2 (Tex.App.-Texarkana Feb.25, 2004, pet. ref'd) (not designated for publication) (holding evidence was legally sufficient to support conviction under 62.04 when appellant maintained there was no evidence of his intention to leave nor that he anticipated leaving his halfway home).
 

 Appellant also contends the evidence is factually insufficient to support his conviction. Appellant testified that, although he realized his sudden departure was a parole violation, he did not think he had violated the reporting requirements. Additionally, appellant points to testimony that he never expressed an intent to move out of the halfway home, either to the halfway home’s employees or to his parole officer. Viewing the evidence that supports the verdict, we do not find it is too weak to support proof of guilt beyond
 
 *673
 
 a reasonable doubt.
 
 See Zuniga v. State,
 
 144 S.W.3d 477, 484 (Tex.Crim.App.2004);
 
 see Herrell,
 
 2004 WL 1175311, at *1-2 (holding evidence was factually sufficient in similar circumstances);
 
 Perez,
 
 2004 WL 351812, at *1-2 (holding evidence was factually sufficient in face of similar contentions). Nor do we find the contrary evidence so strong that the beyond-a-reasonable-doubt standard could not have been met.
 
 See Zuniga,
 
 144 S.W.3d at 485. We find the evidence factually sufficient to support appellant’s conviction.
 

 Constitutional Challenge
 

 In appellant’s final point of error, he asserts that article 62.04 is unconstitutional because it is impermissibly vague. A statute is impermissibly vague if it does either of the following: 1) fails to give a person of ordinary intelligence fair notice that his or her contemplated conduct is forbidden by statute,
 
 Papachristou v. City of Jacksonville,
 
 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972);
 
 Cotton v. State,
 
 686 S.W.2d 140, 141 (Tex.Crim.App.1985), or 2) encourages arbitrary and erratic arrests and convictions,
 
 Cotton,
 
 686 S.W.2d at 141. Because article 62.04 does not implicate any First Amendment rights, we need only review the statute to determine whether it is impermissibly vague as applied to appellant.
 
 See Clark v. State,
 
 665 S.W.2d 476, 483 (Tex.Crim.App.1984) (en banc) (“Turning to appellant’s vagueness challenge, since no First Amendment rights are involved, we need only scrutinize the Act to determine whether it is impermissibly vague as applied to appellant’s conduct.”) (citing
 
 Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,
 
 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982));
 
 Rodriguez v. State,
 
 47 S.W.3d 86, 88 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (“Where no First Amendment rights are involved, however, the court need only examine the statute to determine whether it is impermissibly vague as applied to the appellant’s specific conduct.”) (citations omitted);
 
 Ex parte Mercado,
 
 No. 14-02-00750-CR, 2003 WL 1738452, at *6 (Tex.App.-Houston [14th Dist.] Apr. 3, 2003, no pet.) (“Because we find no authority suggesting sex offenders have a constitutionally-protected right under the First Amendment ... we look only to see if [Chapter 62] is impermissibly vague as applied to appellant’s conduct.”) (citations omitted).
 

 However, to make an as-applied challenge on appeal, appellant must have made a timely, specific objection in the trial court.
 
 Curry v. State,
 
 910 S.W.2d 490, 496 (Tex.Crim.App.1995) (stating that appellant’s ‘as applied’ challenge to a statute for vagueness was not preserved because no specific, timely objection was made);
 
 McGowan v. State,
 
 938 S.W.2d 732, 742 (Tex.App.-Houston [14th Dist.] 1997),
 
 aff'd,
 
 975 S.W.2d 621 (Tex.Crim.App.1998) (“We conclude that a challenge to the constitutionality of a statute as applied falls into the class of rights that may be forfeited by failure to assert them.”). We have reviewed the record and find that appellant failed to make this objection before his appeal. Because appellant did not preserve his as-applied challenge in the trial court, he cannot raise the issue on appeal.
 
 See Curry,
 
 910 S.W.2d at 496;
 
 McGowan,
 
 938 S.W.2d at 742.
 

 Finding no merit in appellant’s points of error, we affirm his conviction.