AMADOR V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-007-CR

WILLIAM GERALD HARRISON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

OPINION

------------

Introduction

Appellant William Gerald Harrison appeals his conviction for failure to comply with sex offender registration requirements.  In two points, appellant argues that the evidence is legally insufficient to support the verdict and that the trial court committed reversible error by failing to instruct the jury on the defense of mistake of law.  We affirm.

Background Facts

In 1994, a judge convicted appellant of sexual assault of a child under seventeen and sentenced him to ten years’ community supervision.  In 1999, appellant violated his community supervision and was sent to prison.  While in prison, appellant researched the sexual offender registration laws and concluded that he would not have to register as a sex offender when he was released because his duty to register ended when he finished his sentence.  However, on the day of his release, he met with Donna McGinnis, a registering agent for the Texas Department of Corrections, who told him that amendments to the registration statute made in 1997, which created a life-long registration requirement for offenders, applied to him.  Ultimately, appellant signed a form stating that he would comply with the registration requirements even though he told McGinnis that the requirements were not applicable to him.

After his release from prison, appellant moved to Dallas and timely registered with the Dallas Police Department.  Later, on October 16, 2003, appellant moved to Arlington and again timely registered as a sex offender with Verna Matthews of the Arlington Police Department.  Appellant registered his address as 2510 Hardy Place in Arlington, Texas.  In November 2003, appellant decided to move to Garland, but failed to give the Arlington Police Department seven days’ notice of his intent to move, and he failed to register with the Garland Police Department within seven days of his move, both required by former article 62.04 of the code of criminal procedure.
(footnote: 1)  In April 2004, appellant’s former housemate notified him that Arlington police stopped by to verify his registered address in Tarrant County.  Appellant then contacted James Hollingsworth at the Arlington Police Department and told him that he had been living in Garland for the past six months.  At trial, appellant testified that he “plain forgot” to register.

On December 11, 2006, appellant pled not guilty to the charge of failure to comply with sex offender registration requirements.  A jury found him guilty, and the trial court sentenced him to fifty-four months’ confinement. 

Failure to Report

In his first point, appellant challenges the sufficiency of the evidence supporting the jury’s finding that he failed to report as alleged in the indictment.  Chapter 62 of the Texas Code of Criminal Procedure outlines the reporting requirements for persons convicted of a sexual offense.  
Grant v. State, 
154 S.W.3d 684, 686 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).  If a person who is required to register intends to change his or her address, article 62.055(a) requires that person to “report in person to the local law enforcement authority designated as the person’s primary registration authority” and to “provide the authority . . . with the person’s anticipated move date and new address.” 
 Tex. Code Crim. Proc. Ann.
 art. 62.055(a) (Vernon 2006); 
Grant
, 154 S.W.3d at 686.  This must be done “not later than . . . the seventh day before the intended change.” 
 Tex. Code Crim. Proc. Ann.
 art. 62.055(a); 
Grant
, 154 S.W.3d at 686.  Likewise, one who is subject to the act must also register at his new location within seven days of arrival.  
Tex. Code Crim. Proc. Ann.
 § 62.055(a).

Here, the indictment charged appellant as follows:

On or about the 15th day of April 2004, [appellant] did then and there, intentionally or knowingly fail to report in person to the local law enforcement authority 
with whom he last registered 
under the sex offender registration program, to-wit: 
Chief of Police of Arlington 
and provide said authority with his anticipated move date and new address not later than seven days before his intended change of address, and the said defendant did have a change of address and had received a reportable conviction or adjudication or who is required to register as a condition of parole, release to mandatory supervision, or community supervision, namely, sexual assault, child an offense listed in Article 62.12(a) of the Texas Code of Criminal Procedure and he is required to verify registration once each year . . . [Emphasis added].

The pertinent part of the jury charge stated as follows:

[I]f you find from the evidence beyond a reasonable doubt, that on or about the 15
th
 day of April, 2004, in Tarrant County, Texas, the Defendant, WILLIAM GERALD HARRISON, did intentionally or knowingly fail to report in person to the local law enforcement authority with whom he last registered under the sex offender registration program, to-wit: Chief of Police of Arlington and provide said authority with his anticipated move date and new address not later than seven days before his intended change of address, and the said Defendant did not have a change of address and had received a reportable conviction or adjudication or who is required to register as a condition of parole, release, to mandatory supervision, or community supervision, namely, sexual assault, child an offense listed in Article 62.12 (A)
(footnote: 2) of the Texas Code of Criminal Procedure and he is required to verify registration once each year. 

In his first point, appellant asserts that there is no evidence that he had ever previously registered with the Chief of the Arlington Police Department; therefore, he could not have violated section 62.055 of the Texas Penal Code by failing to report to the Chief of Police in Arlington as alleged in the indictment.
(footnote: 3)  Appellant thus contends that the State failed to prove an element of the offense charged in the indictment; and therefore, the evidence is legally insufficient.

Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.  
Malik v. State
, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); 
Bowden v. State
, 166 S.W.3d 466, 470 (Tex. App.—Fort Worth 2005, pet. ref’d).  Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense for which the defendant was tried.  
Gollihar v. State
, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); 
Malik, 
953 S.W.2d at 240.  The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument.  
See Curry
, 30 S.W.3d at 404.

Analysis

Under the registration statute, the State is not required to prove that appellant failed to report to the actual Chief of Police; thus, it was not required to allege in the indictment that appellant failed to report to the Chief of Police in order to give appellant adequate notice of the charges against him.  
See 
Tex. Code Crim. Proc. Ann.
 art. 62.055(a); 
Gollihar, 
46 S.W.3d at 258.

The evidence shows that when appellant was released from prison, he first moved to Dallas and timely registered with that police department.  Appellant then moved to Arlington and again timely registered as a sex offender with the Arlington Police Department.  When appellant moved to Garland, he decided, on his own volition, that he was not required to tell the Arlington Police Department that he was moving and that he was not required to register with the Garland Police Department after he had moved.  In sum, there is ample evidence that appellant previously reported to persons working in the Dallas and Arlington police departments but that he failed to do so upon his latest move to Garland.   

The statute requires a covered person to report to the local law enforcement authority in the municipality where he or she lives before moving to a new location and to report to the authority where he or she is moving.  
Tex. Code Crim. Proc. Ann.
 art. 62.055(a).  In this case, appellant did not report to any authority when he moved from Arlington to Garland.  Indeed, appellant admitted that he did not inform 
any 
Arlington police officer that he was moving to Garland; thus appellant’s defense did not depend upon which person he told of his intended move.  
See Gollihar, 
46 S.W.3d at 258.  Because appellant admitted that he did not notify any local law enforcement authority of his intended move to Garland, we conclude that the evidence is legally sufficient to support the verdict.  
See id.
; 
Sartain v. State,
 228 S.W.3d 416, 423 (Tex. App.—Fort Worth 2007, pet. ref’d) (holding that a variance between the indictment and the proof at trial regarding the name of arresting officer was not material).  Accordingly, we overrule appellant’s first point. 

Mistake of Law

In his second point, appellant argues that he was entitled to an affirmative defense instruction on mistake of law.  Based on his research of sex offender registration statutes while in prison, appellant opined that he was not required to register after he finished serving his sentence.  

Standard of Review

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id.
 at 731-32.  Error in the charge, if timely objected to in the trial court, requires reversal if the error was “calculated to injure the rights of defendant,” which means no more than that there must be 
some
 harm to the accused from the error.  
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 2006); 
see also Abdnor
, 871 S.W.2d at 731-32; 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  In other words, a properly preserved error will require reversal as long as the error is not harmless.  
Almanza
, 686 S.W.2d at 171.  In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Id.
; 
see also Ovalle v. State
, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of the strength of the evidence.  
Brown v. State
, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997); 
Golden v. State
, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993).  A trial court’s refusal to give such an instruction, although erroneous, is subject to a harm analysis.  
Payne v. State
, 11 S.W.3d 231, 232-33 (Tex. Crim. App. 2000).  The defendant’s testimony alone may be sufficient to raise a defensive theory requiring a charge.  
Brown
, 955 S.W.2d at 279; 
Golden,
 851 S.W.2d at 295.

Texas Penal Code section 8.03 states as follows:

(a) It is no defense to prosecution that the actor was ignorant of the provisions of any law after the law has taken effect.

(b) It is an affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon:

(1) an official statement of the law contained in a written order or grant of permission by an administrative agency charged by law with responsibility for interpreting the law in question; or

(2) a written interpretation of the law contained in an opinion of a court of record or made by a public official charged by law with responsibility for interpreting the law in question. 

Tex. Penal Code Ann.
 § 8.03 (a), (b) (Vernon 2003).

Analysis 

The key to appellant’s underlying argument is that he thought once he was discharged from prison, he was no longer required to register as a sex offender.  This was true under the old law that was in effect when he was first convicted in 1994.
(footnote: 4)  However, in 1997, the law changed to require sex offenders to register for life.
(footnote: 5)  Appellant claims he mistakenly believed the 1997 change did not apply to him.

Sex offender registration laws first came into effect on September 1, 1991, and they have been amended by the Texas legislature every legislative session since 1991. 
 Rodriguez v. State, 
93 S.W.3d 60, 66 (Tex. Crim. App. 2002); Texas Department of Public Safety website, 
Frequently Asked Questions
, http://www.txdps.state.tx.us/administration/crime_records/pages/

faq.htm#link (last visited Oct. 30, 2007)
(footnote: 6).  Any person with a “reportable conviction or adjudication” must register as a sex offender.  
Tex. Code Crim. Proc. Ann.
 art. 62.051 (Vernon 2006).  Prior to September 1, 1997, the sex offender registration laws were prospective in application, meaning that if before 1997, a person was convicted of a sex offense for which the law at the time of conviction did not require registration, that person did not have to register.
(footnote: 7)  However, in 1997 the legislature made the registration requirement apply retroactively so that any person who had a “reportable conviction or adjudication” after September 1, 1970, and who remained in the Texas criminal justice system for that offense on or after September 1, 1997, was required to register.
(footnote: 8)  Also, before 1997, anyone already subject to registration had to report only until his or her sentence was discharged.  
See Rodriguez, 
93 S.W.3d at 66.  That also changed in 1997 when the reporting requirement became a lifetime requirement for persons previously required to register.
(footnote: 9)  Thus, appellant was within the class of offenders subject to the registration requirement when the law changed in 1997.  The 1997 change applied retroactively to appellant’s 1994 conviction so that on its effective date, appellant was required to register for life.  
See Rodriguez, 
93 S.W.3d at 66.

Here, after researching the sex offender registration laws while in prison, appellant believed that his duty to register would end when he completed his sentence.  Based on his alleged reliance on the law prior to the 1997 changes, appellant argues that a mistake of law instruction was necessary.  However, appellant relied on his own subjective interpretation of the law concerning sex offender registration requirements as a basis for his belief that he was not required to inform the Arlington Police Department of his intended move to Garland.  But appellant’s subjective belief that the 1997 lifetime reporting requirement did not apply to him because he committed his offense in 1994 is not enough to warrant a mistake of law instruction.
(footnote: 10)  
See 
Tex. Penal Code Ann.
 § 8.03; 
Green v. State, 
829 S.W.2d 222, 223 (Tex. Crim. App. 1992); 
Hefner v. State, 
735 S.W.2d 608, 625 (Tex. App.—Dallas 1987, pet. ref’d).  Appellant cited the 1991 law, which stated that a person with a reportable conviction had a duty to register only until his sentence was discharged.
(footnote: 11)  Under that law, appellant believed he was discharged once he was released from the Texas Department of Corrections.  Additionally, appellant believed that amendments to the registration statute enacted in 1995 and 1997 did not apply to him because they took effect after the date of his offense.  

Appellant’s reliance on the sex offender registration laws effective in 1991, which have since been amended multiple times, is unreasonable and could not form the basis of a mistake of law defense in the present case.  
See Green, 
829 S.W.2d at 223 (“Section 8.03 was not created to allow a criminal defendant to rely upon ‘old interpretative opinions, opinions that conflict with others or on overruled opinions’.”); 
Hefner, 
735 S.W.2d at 625.  The 1991 law, which was in effect in 1994, the year he committed the offense, was not the law in Texas when appellant was released or when he moved.  McGinnis specifically explained this to appellant when he was released from prison.  Appellant did not point the trial court to, nor has he pointed this court to, any official statement of the law or written interpretation of the law indicating otherwise.  Thus, he cannot show that he reasonably relied on the types of materials required by penal code section 8.03 to raise the affirmative defense issue of mistake of law.  
See 
Tex. Penal Code Ann.
 § 8.03; 
Hefner, 
735 S.W.2d at 625.  We overrule appellant’s second point.

Conclusion

Having overruled appellant’s two points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 6, 2007

FOOTNOTES
1:
In 2005, the legislature redesignated article 62.04, which was the version of the registration statute in effect in 2003, to article 62.055.  Act of May 28, 2003, 78th Leg., R.S., ch. 347, § 7, 2003 Tex. Gen. Laws 1505, 1509, 
amended by 
Act of May 24, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3398 (current version recodified at 
Tex. Code Crim. Proc. Ann. 
art. 62.055 (Vernon 2006).

2:
The legislature deleted article 62.12 and added article 62.101—relating to the expiration of the duty to register—in 2005.  
See 
Act of May 24, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3405 (current version at 
Tex. Cod. Crim. Proc. Ann. 
art. 62.101(a) (Vernon 2006).

3:
In other words, appellant agrees that he originally registered with the Arlington Police Department, but not with the 
Chief 
of the Arlington Police Department.

4:
Sex Offender Registration Program, 73rd Leg., R.S., ch. 866, § 3, 1993 Tex. Gen. Laws 3420, 3420-21. 

5:
Sex Offender Registration Program, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2254.

6:
All short cites refer to http://www.txpds.state.tx.us/administration

/crime_records/pages/faq.htm#link.

7:
Sex Offender Registration Program, 74th Leg., R.S., ch. 258, § 17, 1995 Tex. Gen. Laws 2197, 2206; Sex Offenders Registration Program, 73rd Leg., R.S., ch. 866, § 3, 1993 Tex. Gen. Laws 3420, 3420-21; 
see also 
Texas Department of Public Safety website, 
Frequently Asked Questions
.

8:
Sex Offender Registration Program, 75th Leg., R.S., ch. 668, §§ 1, 11, 1997 Tex. Gen. Laws 2253, 2264; 
Rodriguez, 
93 S.W.3d at 66; Texas Department of Public Safety website, 
Frequently Asked Questions
.

9:
Sex Offender Registration Program, 75th Leg., R.S., ch. 668, §§ 1, 11, 1997 Tex. Gen. Laws 2253, 2264.

10:
Although appellant insisted that the 1997 law was not applicable to him, he did comply with the registration requirements for the first two and a half years following his release. 

11:
Sex Offender Registration Program, 72nd Leg., R.S., ch. 572, §§ 1, 9(b), 1991 Tex. Gen. Laws 2029, 2030.