COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-007-CR

 

 

WILLIAM GERALD HARRISON                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Introduction

Appellant William Gerald
Harrison appeals his conviction for failure to comply with sex offender
registration requirements.  In two
points, appellant argues that the evidence is legally insufficient to support
the verdict and that the trial court committed reversible error by failing to
instruct the jury on the defense of mistake of law.  We affirm.

                                                    








Background Facts

In 1994, a judge convicted
appellant of sexual assault of a child under seventeen and sentenced him to ten
years= community supervision.  In
1999, appellant violated his community supervision and was sent to prison.  While in prison, appellant researched the
sexual offender registration laws and concluded that he would not have to
register as a sex offender when he was released because his duty to register
ended when he finished his sentence. 
However, on the day of his release, he met with Donna McGinnis, a
registering agent for the Texas Department of Corrections, who told him that
amendments to the registration statute made in 1997, which created a life-long
registration requirement for offenders, applied to him.  Ultimately, appellant signed a form stating
that he would comply with the registration requirements even though he told
McGinnis that the requirements were not applicable to him.








After his release from
prison, appellant moved to Dallas and timely registered with the Dallas Police
Department.  Later, on October 16, 2003,
appellant moved to Arlington and again timely registered as a sex offender with
Verna Matthews of the Arlington Police Department.  Appellant registered his address as 2510
Hardy Place in Arlington, Texas.  In
November 2003, appellant decided to move to Garland, but failed to give the
Arlington Police Department seven days= notice of his intent to move, and he failed to register with the
Garland Police Department within seven days of his move, both required by
former article 62.04 of the code of criminal procedure.[1]  In April 2004, appellant=s former housemate notified him that Arlington police stopped by to
verify his registered address in Tarrant County.  Appellant then contacted James Hollingsworth
at the Arlington Police Department and told him that he had been living in
Garland for the past six months.  At
trial, appellant testified that he Aplain forgot@ to
register.

On December 11, 2006,
appellant pled not guilty to the charge of failure to comply with sex offender
registration requirements.  A jury found
him guilty, and the trial court sentenced him to fifty-four months= confinement. 

Failure to Report








In his first point, appellant
challenges the sufficiency of the evidence supporting the jury=s finding that he failed to report as alleged in the indictment.  Chapter 62 of the Texas Code of Criminal
Procedure outlines the reporting requirements for persons convicted of a sexual
offense.  Grant v. State, 154
S.W.3d 684, 686 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  If a person who is required
to register intends to change his or her address, article 62.055(a) requires
that person to Areport in
person to the local law enforcement authority designated as the person=s primary registration authority@ and to Aprovide the
authority . . . with the person=s anticipated move date and new address.@  Tex. Code Crim. Proc. Ann. art.
62.055(a) (Vernon 2006); Grant, 154 S.W.3d at 686.  This must be done Anot later than . . . the seventh day before the intended change.@  Tex. Code Crim. Proc. Ann. art.
62.055(a); Grant, 154 S.W.3d at 686. 
Likewise, one who is subject to the act must also register at his new
location within seven days of arrival.  Tex. Code Crim. Proc. Ann. ' 62.055(a).

Here, the indictment charged
appellant as follows:

On or about
the 15th day of April 2004, [appellant] did then and there, intentionally or
knowingly fail to report in person to the local law enforcement authority with
whom he last registered under the sex offender registration program,
to-wit: Chief of Police of Arlington and provide said authority with his
anticipated move date and new address not later than seven days before his
intended change of address, and the said defendant did have a change of address
and had received a reportable conviction or adjudication or who is required to
register as a condition of parole, release to mandatory supervision, or
community supervision, namely, sexual assault, child an offense listed in
Article 62.12(a) of the Texas Code of Criminal Procedure and he is required to
verify registration once each year . . . [Emphasis added].

The pertinent part of the jury charge stated as
follows:








[I]f you find from the evidence beyond a reasonable doubt, that on or
about the 15th day of April, 2004, in Tarrant County, Texas, the
Defendant, WILLIAM GERALD HARRISON, did intentionally or knowingly fail to
report in person to the local law enforcement authority with whom he last
registered under the sex offender registration program, to-wit: Chief of Police
of Arlington and provide said authority with his anticipated move date and new
address not later than seven days before his intended change of address, and
the said Defendant did not have a change of address and had received a
reportable conviction or adjudication or who is required to register as a
condition of parole, release, to mandatory supervision, or community
supervision, namely, sexual assault, child an offense listed in Article 62.12
(A)[2]
of the Texas Code of Criminal Procedure and he is required to verify
registration once each year. 

 

In his first
point, appellant asserts that there is no evidence that he had ever previously
registered with the Chief of the Arlington Police Department; therefore, he
could not have violated section 62.055 of the Texas Penal Code by failing to
report to the Chief of Police in Arlington as alleged in the indictment.[3]  Appellant thus contends that the State failed
to prove an element of the offense charged in the indictment; and therefore,
the evidence is legally insufficient.

 

                                            








Standard of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).








The sufficiency of the evidence should be measured by the elements of
the offense as defined by the hypothetically correct jury charge for the
case.  Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997); Bowden v. State, 166 S.W.3d 466, 470
(Tex. App.CFort
Worth 2005, pet. ref=d).  Such a charge would be one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily restrict
the State=s
theories of liability, and adequately describes the particular offense for
which the defendant was tried.  Gollihar
v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik, 953
S.W.2d at 240.  The law as authorized by
the indictment means the statutory elements of the charged offense as modified
by the charging instrument.  See Curry,
30 S.W.3d at 404.

 

Analysis

 

Under the registration
statute, the State is not required to prove that appellant failed to report to
the actual Chief of Police; thus, it was not required to allege in the
indictment that appellant failed to report to the Chief of Police in order to
give appellant adequate notice of the charges against him.  See Tex.
Code Crim. Proc. Ann. art. 62.055(a); Gollihar, 46 S.W.3d at 258.








The evidence shows that when
appellant was released from prison, he first moved to Dallas and timely
registered with that police department. 
Appellant then moved to Arlington and again timely registered as a sex
offender with the Arlington Police Department. 
When appellant moved to Garland, he decided, on his own volition, that
he was not required to tell the Arlington Police Department that he was moving
and that he was not required to register with the Garland Police Department
after he had moved.  In sum, there is
ample evidence that appellant previously reported to persons working in the
Dallas and Arlington police departments but that he failed to do so upon his
latest move to Garland.   

The statute requires a
covered person to report to the local law enforcement authority in the
municipality where he or she lives before moving to a new location and to
report to the authority where he or she is moving.  Tex.
Code Crim. Proc. Ann. art. 62.055(a). 
In this case, appellant did not report to any authority when he moved
from Arlington to Garland.  Indeed,
appellant admitted that he did not inform any Arlington police officer
that he was moving to Garland; thus appellant=s defense did not depend upon which person he told of his intended
move.  See Gollihar, 46 S.W.3d at
258.  Because appellant admitted that he
did not notify any local law enforcement authority of his intended move to
Garland, we conclude that the evidence is legally sufficient to support the
verdict.  See id.; Sartain v.
State, 228 S.W.3d 416, 423 (Tex. App.CFort Worth 2007, pet. ref=d) (holding that a variance between the indictment and the proof at
trial regarding the name of arresting officer was not material).  Accordingly, we overrule appellant=s first point. 








 

                                          Mistake of Law

In his second point,
appellant argues that he was entitled to an affirmative defense instruction on
mistake of law.  Based on his research of
sex offender registration statutes while in prison, appellant opined that he
was not required to register after he finished serving his sentence.  

Standard of Review








Appellate review of error in
a jury charge involves a two-step process. 
Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error
occurred.  If so, we must then evaluate
whether sufficient harm resulted from the error to require reversal.  Id. at 731-32.  Error in the charge, if timely objected to in
the trial court, requires reversal if the error was Acalculated to injure the rights of defendant,@ which means no more than that there must be some harm to the
accused from the error.  Tex. Code Crim. Proc. Ann. art. 36.19
(Vernon 2006); see also Abdnor, 871 S.W.2d at 731-32; Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g).  In other words, a properly
preserved error will require reversal as long as the error is not
harmless.  Almanza, 686 S.W.2d at
171.  In making this determination, Athe actual degree of harm must be assayed in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole.@  Id.; see also Ovalle
v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

A defendant is entitled to an
affirmative defensive instruction on every issue raised by the evidence
regardless of the strength of the evidence. 
Brown v. State, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997); Golden
v. State, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993).  A trial court=s refusal to give such an instruction, although erroneous, is subject
to a harm analysis.  Payne v. State,
11 S.W.3d 231, 232-33 (Tex. Crim. App. 2000). 
The defendant=s testimony
alone may be sufficient to raise a defensive theory requiring a charge.  Brown, 955 S.W.2d at 279; Golden,
851 S.W.2d at 295.

Texas Penal Code section 8.03
states as follows:

(a)
It is no defense to prosecution that the actor was ignorant of the provisions
of any law after the law has taken effect.

 

(b)
It is an affirmative defense to prosecution that the actor reasonably believed
the conduct charged did not constitute a crime and that he acted in reasonable
reliance upon:

 

(1) an official statement of the law contained in
a written    order or grant of permission
by an administrative agency    charged by
law with responsibility for interpreting the law in   question; or

 

(2) a written interpretation of the law contained
in an opinion      of a court of record or
made by a public official charged by   law
with responsibility for interpreting the law in question.      

Tex.
Penal Code Ann. ' 8.03 (a), (b) (Vernon 2003).

 








Analysis 

The key to
appellant=s underlying
argument is that he thought once he was discharged from prison, he was no
longer required to register as a sex offender. 
This was true under the old law that was in effect when he was first
convicted in 1994.[4]  However, in 1997, the law changed to require
sex offenders to register for life.[5]  Appellant claims he mistakenly believed the
1997 change did not apply to him.

Sex offender
registration laws first came into effect on September 1, 1991, and they have
been amended by the Texas legislature every legislative session since 1991.  Rodriguez v. State, 93 S.W.3d 60, 66 (Tex.
Crim. App. 2002); Texas Department of Public Safety website, Frequently
Asked Questions,
http://www.txdps.state.tx.us/administration/crime_records/pages/








faq.htm#link (last visited Oct. 30, 2007)[6].  Any person with a Areportable conviction or adjudication@ must register as a sex offender. 
Tex. Code Crim. Proc. Ann.
art. 62.051 (Vernon 2006).  Prior to
September 1, 1997, the sex offender registration laws were prospective in
application, meaning that if before 1997, a person was convicted of a sex
offense for which the law at the time of conviction did not require
registration, that person did not have to register.[7]  However, in 1997 the legislature made the
registration requirement apply retroactively so that any person who had a Areportable conviction or adjudication@ after September 1, 1970, and who remained in the Texas criminal
justice system for that offense on or after September 1, 1997, was required to
register.[8]  Also, before 1997, anyone already subject to
registration had to report only until his or her sentence was discharged.  See Rodriguez, 93 S.W.3d at 66.  That also changed in 1997 when the reporting
requirement became a lifetime requirement for persons previously required to
register.[9]  Thus, appellant was within the class of
offenders subject to the registration requirement when the law changed in
1997.  The 1997 change applied
retroactively to appellant=s 1994 conviction so that on its effective date, appellant was
required to register for life.  See Rodriguez,
93 S.W.3d at 66.













Here, after researching the
sex offender registration laws while in prison, appellant believed that his
duty to register would end when he completed his sentence.  Based on his alleged reliance on the law
prior to the 1997 changes, appellant argues that a mistake of law instruction
was necessary.  However, appellant relied
on his own subjective interpretation of the law concerning sex offender
registration requirements as a basis for his belief that he was not required to
inform the Arlington Police Department of his intended move to Garland.  But appellant=s subjective belief that the 1997 lifetime reporting requirement did
not apply to him because he committed his offense in 1994 is not enough to
warrant a mistake of law instruction.[10]  See Tex.
Penal Code Ann. ' 8.03; Green
v. State, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992); Hefner v. State, 735
S.W.2d 608, 625 (Tex. App.CDallas 1987, pet. ref=d).  Appellant cited the 1991
law, which stated that a person with a reportable conviction had a duty to
register only until his sentence was discharged.[11]  Under that law, appellant believed he was
discharged once he was released from the Texas Department of Corrections.  Additionally, appellant believed that
amendments to the registration statute enacted in 1995 and 1997 did not apply
to him because they took effect after the date of his offense.  

Appellant=s reliance on the sex offender registration laws effective in 1991,
which have since been amended multiple times, is unreasonable and could not
form the basis of a mistake of law defense in the present case.  See Green, 829 S.W.2d at 223 (ASection 8.03 was not created to allow a criminal defendant to rely
upon >old interpretative opinions, opinions that conflict with others or on
overruled opinions=.@); Hefner, 735 S.W.2d at 625. 
The 1991 law, which was in effect in 1994, the year he committed the
offense, was not the law in Texas when appellant was released or when he
moved.  McGinnis specifically explained
this to appellant when he was released from prison.  Appellant did not point the trial court to,
nor has he pointed this court to, any official statement of the law or written
interpretation of the law indicating otherwise. 
Thus, he cannot show that he reasonably relied on the types of materials
required by penal code section 8.03 to raise the affirmative defense issue of
mistake of law.  See Tex. Penal Code Ann. ' 8.03; Hefner, 735 S.W.2d at 625.  We overrule appellant=s second point.

                                                    

 

 

 








                                             Conclusion

Having overruled appellant=s two points, we affirm the trial court=s judgment.

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
December 6, 2007











[1]In
2005, the legislature redesignated article 62.04, which was the version of the
registration statute in effect in 2003, to article 62.055.  Act of May 28, 2003, 78th Leg., R.S., ch.
347, ' 7,
2003 Tex. Gen. Laws 1505, 1509, amended by Act of May 24, 2005, 79th
Leg., R.S., ch. 1008, ' 1.01,
2005 Tex. Gen. Laws 3385, 3398 (current version recodified at Tex. Code Crim. Proc. Ann. art. 62.055
(Vernon 2006).





[2]The
legislature deleted article 62.12 and added article 62.101Crelating
to the expiration of the duty to registerCin 2005.  See Act of May 24, 2005, 79th Leg.,
R.S., ch. 1008, ' 1.01,
2005 Tex. Gen. Laws 3385, 3405 (current version at Tex. Cod. Crim. Proc. Ann. art. 62.101(a) (Vernon 2006).





[3]In
other words, appellant agrees that he originally registered with the Arlington
Police Department, but not with the Chief of the Arlington Police
Department.





[4]Sex
Offender Registration Program, 73rd Leg., R.S., ch. 866, ' 3,
1993 Tex. Gen. Laws 3420, 3420-21. 





[5]Sex
Offender Registration Program, 75th Leg., R.S., ch. 668, ' 1,
1997 Tex. Gen. Laws 2253, 2254.





[6]All
short cites refer to http://www.txpds.state.tx.us/administration

/crime_records/pages/faq.htm#link.





[7]Sex
Offender Registration Program, 74th Leg., R.S., ch. 258, ' 17,
1995 Tex. Gen. Laws 2197, 2206; Sex Offenders Registration Program, 73rd Leg.,
R.S., ch. 866, ' 3,
1993 Tex. Gen. Laws 3420, 3420-21; see also Texas Department of Public
Safety website, Frequently Asked Questions.





[8]Sex
Offender Registration Program, 75th Leg., R.S., ch. 668, '' 1,
11, 1997 Tex. Gen. Laws 2253, 2264; Rodriguez, 93 S.W.3d at 66; Texas
Department of Public Safety website, Frequently Asked Questions.





[9]Sex
Offender Registration Program, 75th Leg., R.S., ch. 668, '' 1,
11, 1997 Tex. Gen. Laws 2253, 2264.





[10]Although
appellant insisted that the 1997 law was not applicable to him, he did comply
with the registration requirements for the first two and a half years following
his release. 





[11]Sex
Offender Registration Program, 72nd Leg., R.S., ch. 572, '' 1,
9(b), 1991 Tex. Gen. Laws 2029, 2030.