Opinion filed August 7, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 7,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00079-CR 

                                                     __________

 

                          ORLANDO
OCHOA RODRIGUEZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,  Appellee

 

 



 

                                        On
Appeal from the 142nd District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR31479

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted appellant of failing to comply with sex offender registration
requirements.  The trial court assessed his punishment at confinement in the Institutional
Division of the Texas Department of Criminal Justice for a term of two years. 
Appellant challenges the legal and factual sufficiency of the evidence
supporting his conviction in two issues.  We affirm.

                                                               Background
Facts








As
a result of a California conviction for committing a lewd act with a child,
appellant was required to register as a sex offender.  Appellant registered
with the Midland Police Department on July 7, 2003, when he moved to Midland
from California.  He listed an address of 1936 English Drive when he initially
registered with the Midland Police Department.  Appellant notified the police
department on April 14, 2004, of a change of address to 401 East Hickory. 

On
May 26, 2005, Officer James Williams of the Midland Police Department visited
401 East Hickory for the purpose of verifying appellant=s address.  Officer
Williams spoke  with appellant=s
sister, Leticia Madrid, at the address.  Madrid advised Officer Williams that
appellant was not at the address and that he had not lived there for at least a
month.  Officer Williams testified that Madrid also told him that she had no
idea where he could find appellant.  Officer Williams asked Madrid to complete
a Afield witness
statement@ wherein she
stated as follows: AOrlando
Rodriguez does not live at 401 E. Hickory as of April 05.@ 

Madrid
testified at trial that appellant had lived at 401 East Hickory from time to
time during the period of time that Officer Williams contacted her.  She
further testified that appellant was living several different places at the
time because he was coming back and forth between 401 East Hickory, his
girlfriend=s
apartment, and a job site that was located down the street from 401 East
Hickory.  When questioned by appellant=s
trial counsel on cross-examination, Madrid testified that she lived in a portion
of the house that had a separate outside entrance and that it was not uncommon
for her not to see her brother when he was living there.

Ann
Denison is appellant=s
girlfriend.  She testified that she lived at 401 East Hickory on May 26, 2005,
and that appellant also lived at 401 East Hickory on that date.  Denison stated
that appellant was working on a construction project located close to 401 East
Hickory and that he would stay at night at the construction project to guard it
but that he would return to 401 East Hickory to shower each day.  She further
testified that she moved out of the house at 401 East Hickory in August 2005
but that appellant continued to reside there until September 2006.  Additional
witnesses testified that appellant worked at the nearby construction project
and that he lived at 401 East Hickory during this period.

                                                              Standard
of Review








In
order to determine if the evidence is legally sufficient, we must review all
the evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Jackson v. State,
17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is
factually sufficient, the appellate court reviews all of the evidence in a
neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006) (overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim.
App. 2004)); Johnson v. State, 23 S.W.3d 1, 10‑11 (Tex. Crim. App.
2000); Cain v. State, 958 S.W.2d 404, 407‑08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).
Then, the reviewing court determines whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
evidence. Watson, 204 S.W.3d at 414‑15; Johnson, 23 S.W.3d
at 10‑11. The jury, as the finder of fact, is the sole judge of the
weight and credibility of the witnesses=
testimony. Tex. Code Crim. Proc. Ann.
art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

                                                                        Analysis

Chapter
62 of the Texas Code of Criminal Procedure[1]
outlines the reporting requirements for persons convicted of a sexual offense.  Grant
v. State, 154 S.W.3d 684, 686 (Tex. App.CHouston
[14th Dist.] 2004, pet. ref=d).
If a person who is required to register intends to change his or her address,
Article 62.055(a) requires that person to Areport
in person to the local law enforcement authority designated as the person=s primary registration
authority@ and to Aprovide the authority ...
with the person=s
anticipated move date and new address.@ 
Article 62.055(a); Grant, 154 S.W.3d at 686. This must be done Anot later than the seventh
day before the intended change.@ 
Article 62.055(a); Grant, 154 S.W.3d at 686.

Appellant
contends that he was not required to report an address change to authorities
because he continued to reside at 401 East Hickory.  His sister, however,
advised Officer Williams on May 26, 2005, that appellant did not reside at the
address.  She further advised Officer Williams that appellant had not resided
there since April 2005.  Based upon Madrid=s
oral statement to Officer Williams and her written statement, we conclude that
appellant=s conviction
is supported by legally sufficient evidence.  A rational jury could have found
beyond a reasonable doubt that appellant=s
address had changed and that he failed to inform the appropriate law
enforcement authorities of the change.  Appellant=s
first issue is overruled.  








We
also conclude that the evidence was factually sufficient to support appellant=s conviction.  Appellant
attempted to discredit Madrid=s
statements to Officer Williams by suggesting that she was not in a position to
determine if he resided at 401 East Hickory because she used a separate
entrance to enter the residence and because her schedule differed from
appellant=s schedule. 
However, Madrid  did not merely inform Officer Williams that appellant did not
reside at 401 East Hickory on the day he visited the residence (May 26, 2005);
she told Officer Williams that he had not resided at the address since April
2005.  The suggestion that one occupant of a home would be mistaken about her
sibling=s occupancy of
the home for a period of a month or more is doubtful.  Furthermore, the
evidence that appellant continued to reside at 401 East Hickory during the
relevant period was offered through the testimony of his girlfriend and
brother.  The jury was free to disbelieve the testimony of these interested
witnesses.  Appellant=s
second issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

August 7, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Tex. Code Crim. Proc. Ann. ch. 62 (Vernon 2006 & Supp. 2007).