Opinion issued October 25, 2007






 






 

 

 

 

 





In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00855-CR

____________


STEVEN DOUGLAS WALMER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 1081874





O P I N I O N

 The trial court found appellant, Steven Douglas Walmer, guilty of the offense
of Failure to Comply with Registration Requirements of a Sex Offender (1) and, after
appellant pleaded true to the allegation in one enhancement paragraph that he had a
prior felony conviction, assessed his punishment at confinement for twelve years. In
his sole point of error, appellant contends that the evidence is legally and factually
insufficient to support his conviction.

 We affirm.

Factual Background

 Harris County Sheriff's Office Deputy J. Karrer, assigned to the Sex Offender
Registration Division, testified that, because appellant was previously convicted for
the offense of sexual assault of a child, appellant had to register as a sex offender with
his designated primary registration authority. (2) Consequently, before his release from
prison for his sexual assault conviction, the Texas Department of Criminal Justice
required appellant to sign a "Pre-release Notification Form" dated November 23,
2005, which informed him of the applicable sex offender registration requirements. 
This form provided that the Harris County Sheriff's Office would serve as appellant's
primary registration authority and informed him that he had seven days to provide the
Harris County Sheriff's Office with his physical address. On December 6, 2005,
appellant met with Karrer and signed a "Sex Offender Update Form," which told
appellant of his duty to register as a "sex offender with local law enforcement." On
the same day, he also signed a "Harris County Sheriff's Office Sex Offender
Registrant Acknowledgement," which explained his duty to register at least once a
year within thirty days of his birthday at the Harris County Sheriff's Office and told
him what to do if he happened to move. Appellant also filled out a "Sex Offender
Registration" form, stating that his physical address was 18018 Blundell in Spring,
Texas 77388. This form also specified appellant's need to understand his duty to
register as a "sex offender." Finally, appellant filled out another "Pre-Release
Notification Form," which reiterated his duties if he ever moved. While appellant
was signing the various forms, Karrer also explained orally to appellant his
registration duties if he decided to move. Asked if appellant "appear[ed] to
understand what you were telling him about this requirement," Karrer answered,
"Yes, he did." 

 On January 18, 2006, based on information from a telephone call that he
received, Karrer left a message with appellant notifying him that if he was not living
at the registered address he needed to contact Karrer. Appellant returned the
telephone call on January 19, 2006, and Karrer told appellant that "[i]f he was not
living at the address he had listed that he had to tell us where he was going" and that
if "he didn't have a permanent address that he needed to notify us on a regular basis
of where he was." Karrer explained to appellant that if appellant was only staying at
a regular address until he found another residence, he needed to contact Karrer on a
weekly basis. Because appellant told Karrer that he "was staying with friends from
night to night," Karrer told appellant that he needed to call daily. Appellant told
Karrer that his brother was trying to find him a place to live through a social worker. 
 The next time Karrer heard from appellant was on January 26, 2006. Appellant
was unable to inform Karrer where he was living at that time. Karrer testified that as
of January 26, 2006, appellant had never registered a correct address and had never
been in compliance with the registration requirements. 

 Francis Ryan, appellant's mother, testified that she has lived at 18018 Blundell
in Spring, Texas for sixteen years. After appellant was released from prison on
November 23, 2005, he went to live with his brother, Jason Ryan, in Tomball, Texas. 
Francis Ryan initially told appellant that he could not live with her because she
received food stamps and could not have an offender living in her home. She made
it clear to appellant that he was not to register her address as his residence. On
January 4, 2006, after visiting the sex-offender registry, Francis Ryan learned that
appellant had listed her address as his residence. 

 Francis Ryan further testified that on January 26, 2006, her husband brought
appellant to their home after work that evening. Prior to that night, appellant had not
slept at their home. However, on cross-examination, she testified that appellant had
slept at her residence on "the night prior" to January 18, 2006, and she made appellant
"leave the following day." She explained that the only reason appellant had stayed
with her for that one night was that his brother had "thrown him out of his
apartment."

 Appellant testified that upon his release from prison, he lived with his mother. 
On January 18, 2006, after he "hooked up" with Lindsey Smith, his brother's
girlfriend, his mother "got upset by it" and told him to pack his belongings and leave
her house. Around January 24 or 25, 2006, after appellant had been kicked out of his
mother's house, he planned to move to the "Town Suites" hotel inside of Houston. 
Appellant had conversations with Deputy Karrer "on the 18th and the 26th and all the
dates in between and the 27th also, a Friday," but later testified that he "did not call
[Karrer] every single day of the nine days." As of January 26, 2006, appellant still
had not moved into the hotel.

 Appellant also explained that between January 18 and January 26, 2006, he
never knew where he was going to be staying from night to night. Appellant "always
ended up around Tomball area highway in there." He stayed at Smith's home a "few
times" during the first seven days after being thrown out of his mother's house. 

 On cross-examination, appellant contradicted himself and stated that after he
had been released from prison, he "bounced in between" his brother's apartment in
Tomball and his mother's house in Spring. Appellant was shown a T-Mobile cellular
phone bill, which contained appellant's name, listing his address as his brother's
address in Tomball. When the bill was introduced at trial, appellant denied that it was
his, but he conceded that it had the correct address of his brother on the bill.

Standard of Review

 We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We note that
the trier of fact is the sole judge of the weight and credibility of the evidence. 
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when
performing a legal sufficiency review, we may not reevaluate the weight and
credibility of the evidence and substitute our judgment for that of the fact-finder. 
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must resolve any
inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000).

 In a factual sufficiency review, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict if the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, i.e., that the
verdict seems "clearly wrong and manifestly unjust," or the proof of guilt, although
legally sufficient, is nevertheless against the great weight and preponderance of the
evidence. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). A jury
is in the best position to evaluate the credibility of witnesses, and we are required to
afford "due deference" to the jury's determinations. Marshall v. State, 210 S.W.3d
618, 625 (Tex. Crim. App. 2006).Sufficiency of the Evidence

 In his sole point of error, appellant argues that the evidence is legally and
factually insufficient to support his conviction because the State failed to show that
he "failed to notify the Harris County Sheriff's Department at least seven days before
he moved [as] it was impossible for [a]ppellant to notify the department since his
mother threw him out of the house." Appellant asserts that the State "provided no
proof that [appellant] intended to change his address from his mother's house because
[appellant] testified that his mother unexpectedly threw him out of her house."
(emphasis added). 

 Appellant also argues that the State failed to show that he "had to report his
change of address to the Harris County Sheriff's Department within seven days of the
move" because he was "required to report his address change to the local law
enforcement authority of his new residence which was the Tomball Police
Department." See Tex. Code Crim. Proc. Ann. art. 62.055(a) (Vernon 2006). 
Appellant concludes that because the "evidence showed that [he] was living in
Tomball," he was required "to notify the Tomball Police Department and not the
Harris County Sheriff's Department of his change of address within seven days of the
change." 

 A person commits the offense of failure to comply with the requirements of the
Sex Offender Registration Program if the person is required to register and fails to
comply with any requirement of the Sex Offender Registration Program. See Tex.
Code Crim. Proc. Ann. art. 62.102(a) (Vernon 2006). Article 62.055(a) provides, 

If a person required to register under this chapter intends to change
address, . . . the person shall, not later than the seventh day before the
intended change, report in person to the local law enforcement authority
designated as the person's primary registration authority by the
department . . . and provide the authority and the officer with the
person's anticipated move date and new address. 


Id. art. 62.055(a) (emphasis added). This article also requires that he or she "not later
than . . . the seventh day after changing the address . . . report in person to the local
law enforcement authority . . . in which the person's new residence is located . . . ." 
Id.

 In Grant v. State, the defendant argued that the evidence was legally
insufficient to support his conviction because there was "no proof that he ever
intended to move but, instead, simply left unexpectedly." 154 S.W.3d 684, 686 (Tex.
App.--Houston [14th Dist.] 2004, pet. ref'd) (emphasis added). The defendant
further argued that "[b]ecause his departure was not planned, . . . the State failed to
prove he intended to move, and failed to prove he had an anticipated move date and
new address." Id. The evidence in support of the jury's verdict in Grant showed that
the defendant left a halfway home where he had been living and did not return. Id. 
Although the defendant discussed moving in with a friend shortly before his
departure, he never contacted his primary registration authority to report his
anticipated move date and new address. Id. Based on this evidence, the court held
that the evidence was legally and factually sufficient to support the conviction. Id.
at 686-87.

 Here, the evidence at trial showed that appellant registered, using his mother's
address of 18018 Blundell in Spring, Texas 77388. Appellant testified that he lived
at his mother's house until January 18, 2006, when he was "thrown out." Appellant
never contacted or provided the Harris County Sheriff's Office with a new address,
even after Deputy Karrer left a message on January 18, 2006, informing appellant of
his duty to report to the Harris County Sheriff's Office, Karrer's speaking to appellant
on January 19, 2006, and Karrer's again speaking to appellant on January 26, 2006. 
Appellant subsequently contradicted his own testimony regarding his whereabouts
up until January 18, 2006, when he agreed that after he was released from prison, he
had actually been "bounc[ing] in between" his brother's apartment in Tomball and his
mother's house in Spring.

 Deputy Karrer also testified that appellant had never properly complied with
reporting a new address to the Harris County Sheriff's Office because appellant had
never lived with his mother after his release from prison on November 23, 2005, even
though his mother's address was labeled on the "Sex Offender Registration" form as
appellant's physical address. Indeed, appellant's mother testified that appellant never
lived with her after his release from prison. 

 This evidence supports a finding that appellant failed to provide his primary
registration authority, the Harris County Sheriff's Office, his anticipated move date
and new address seven days before the intended change. See Tex. Code Crim. Proc.
Ann. art. 62.055(a); Grant, 154 S.W.3d at 686. Even if his move was unexpected,
as alleged in Grant, appellant still failed to provide his move date and new address
to Karrer. 

 Viewing the evidence in a light most favorable to the verdict, we conclude that
a rational trier of fact could have found beyond a reasonable doubt that appellant
failed to comply with article 62.055's requirement that he inform the Harris County
Sheriff's Office of his "anticipated move date and new address." Viewing the
evidence neutrally, we conclude that the evidence is not so obviously weak such that
the verdict is clearly wrong and manifestly unjust, or that the proof of guilt is against
the great weight and preponderance of the evidence. Accordingly, we hold that the
evidence is legally and factually sufficient to support appellant's conviction for
failing to inform the Harris County Sheriff's Office before his move. (3) We overrule appellant's sole point of error.











Conclusion


 We affirm the judgment of the trial court.



 

 

 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Code Crim. Proc. Ann. arts. 62.055(a), 62.102(a) (Vernon 2006).
2. "For each person subject to registration under this chapter, the [Texas Department of
Public Safety] shall determine which local law enforcement authority serves as the
person's primary registration authority based on the municipality or county in which
the person resides . . . ." Id. art. 62.004(a) (Vernon 2006). 
3. Having held that the evidence is sufficient to support a finding that appellant failed
to notify the Harris County Sheriff's Office, the primary registration authority, of an
impending move in violation of article 62.055(a), we need not address appellant's
other assertion that he should have been charged with failing to report to the Tomball
Police Department rather than the Harris County Sheriff's Office after he moved.