

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1326-13

### CLISTER RAY THOMAS, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SIXTH COURT OF APPEALS GREGG COUNTY

COCHRAN, J., filed a dissenting opinion in which PRICE and JOHNSON, JJ., join.

### O P I N I O N

I respectfully dissent. I think that the court of appeals correctly held that the evidence was insufficient to prove the offense alleged in the indictment.[1] The problem here is that the State did not plead its case correctly. It pled that appellant failed to report and provide his

---

[1] *Thomas v. State*, 411 S.W.3d 685, 693 (Tex. App.–Texarkana 2014) ("The State presented no evidence that Thomas intended to change his address at least seven days before he was required to leave the apartment. If anything, the evidence proves that he had no expectation or intention to change his address–certainly not at a time that would allow him to notify the authorities seven days in advance.").

"anticipated move date and the new address anticipated not later than the seventh day before the anticipated move date[.]" But what it proved (and argued to the jury that it had proved) was that appellant moved and failed to report his change of address within seven days *after* he had moved. These are two entirely distinct statutory duties, and a person may be convicted of violating either one of them. Plead both, then prove either one. As we were taught in law school: Plead in the conjunctive, charge (and prove) in the disjunctive.

Article 62.055(a) provides, in pertinent part:

- If a person required to register under this chapter *intends to change address*, . . . the person shall, not later than the seventh day *before the intended change*, report in person to the local law enforcement authority designated as the person's primary registration authority . . . and provide the authority and the officer with the person's *anticipated move date and new address.*

- If a person required to register *changes address*, the person shall, not later than . . . the seventh day *after changing the address* . . ., report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.[2]

Thus, a person may commit a "changing address" offense in two ways: (1) intending to make a move and failing to notify the authorities beforehand and (2) failing to notify the authorities after making a move. Although a person who plans a future move is supposed to notify the authorities twice—once before the intended move and then again after the move is completed—

---

[2] TEX. CODE CRIM. PROC. art. 62.055(a) (emphasis added).

the unit of prosecution is one offense per move, not two.[3]

The facts in this case are similar to those in many sex-offender "changing address" cases. Appellant did not intend any move at all. He intended to live in his girlfriend's daughter's apartment on South Green Street. But he was evicted once the apartment manager found out he was a registered sex offender. He was forced to move immediately. He did not anticipate his move at all, much less for seven days in advance of the eviction. Imagine, for example, if the South Green apartment had been hit by lightning and burned down. Appellant would have been forced to move, but he would not have anticipated any such lightning bolt or move. He had a duty to notify the authorities *after* his move, but he obviously could not have notified them "in anticipation" of his move.

Here, as in *Green v. State*,[4] the State pled *only* that the defendant failed to notify the authorities at least seven days before an "intended" or "anticipated" change of address.[5] Here, as in *Green,* the defendant did not intend or anticipate any move.[6] Appellant was·

---

[3] *Young v. State,* 341 S.W.3d 417, 426-27 (Tex. Crim. App. 2011) (explaining that "the Legislature intended for the unit of prosecution to be one offense for each change of address").

[4] 350 S.W.3d 617 (Tex. App.–Houston [14th Dist.] 2011, pet. ref'd).

[5] *See id.* at 621-23 (noting that the duty to notify before moving is "triggered only '[i]f a person required to register under this chapter intends to change address.'"). The Houston court also noted, "In addition, the deadline for reporting this intended address change is not seven days before the date on which the move actually occurs; rather, the deadline is seven days 'before the intended change.'" *Id.* at 623. It is the date that the defendant intends to move that matters, not the date–perhaps unanticipated–of the actual move.

[6] *Id.* at 620-22 (explaining that the defendant's wife had moved out of the properly registered apartment, taking defendant's possessions with her, while defendant was working out of town; finding the evidence insufficient to prove that defendant intended to move and thus insufficient to

kicked out, while Green's wife moved without telling him (and while he was out of town) and took his possessions with her. The Houston court set out the common scenario in these sex-offender "change of address" cases:

> There are various situations in which a registered sex offender's address may change without the offender having any intent to change address prior to the actual change of address. The offender may be barred from his current residence without warning or someone else may move the offender's property out of the residence and to another address without the offender's knowledge.[7]

The "in anticipation" change-of-address offense refers to the duty to report an intended move *from* the original address. The "afterwards" change of address refers to the duty to report an actual move *to* a new address.

I believe that the majority mistakenly accepts the SPA's argument that appellant had a duty to report an intended move *to* the new address long after he had actually moved there (if he ever did).[8] Appellant clearly had a duty to report his change of address once he was

---

prove that he failed to notify authorities at least seven days before his intended move).

[7] *Id.* at 623.

[8] The SPA's reasoning goes as follows:
- Appellant was arrested on June 25th at the Houston Street location.
- Therefore, on June 25th he was living at the Houston Street location.
- Therefore, appellant must have intended to move to this location at some time before June 25th.
- Therefore, he should have reported his intention to move to the Houston Street location at least seven days before he was arrested at that location on June 25th.

But, as the court of appeals correctly noted, there is not a scintilla of evidence that appellant ever anticipated or intended to move from the South Green Street apartment and certainly not in time to give seven days' notice of such an intended move. *Thomas,* 411 S.W.3d at 693. The duty to report an intended or anticipated move arises *before* the move from the former address to the intended address. Neither law nor logic support a finding that a person who is found at X address must have intended to go there at least seven days before he was found there.

evicted, but the State also had a duty to indict him for the offense that he actually committed, not a different offense.

Here, the trial judge instructed the jury to find appellant guilty if it found that he failed to report his change of address *after* he had moved.[9] That was how the jury was instructed and that is exactly the theory that the State argued.[10] It is not surprising that the jury

---

[9] As the court of appeals noted, "The application paragraph of the jury charge, unlike the indictment, did not include language concerning the failure to comply with registration requirements by failing to advise the Longview Police Department of *the anticipated move date and new address at least seven days before the move.* Rather, the jury charge read,

> You must decide whether the state has proved, beyond a reasonable doubt, four
>
> elements. The elements are that—
>
> 1.    the defendant was previously convicted of aggravated sexual assault; and
> 2.    the defendant was required to comply with the sex offender registration program under chapter 62 of the Code of Criminal Procedure; and
> 3.    the defendant was registered with the Longview Police Department as sex offender as residing at a residence in Longview, Gregg County, Texas; and
> 4.    the defendant changed his address for more than seven days and intentionally or knowingly failed to report in person to the Longview Police Department to register the defendant's new address.
>
> You must all agree on elements 1, 2, 3, and 4 listed above. If you all agree the state has failed to prove, beyond a reasonable doubt, one or more of elements 1, 2, 3, and 4 listed above, you must find the defendant "not guilty."
> If you all agree the state has proved each of the four elements above, you must find the defendant "guilty."

*Thomas,* 411 S.W.3d at 689.

[10] The first prosecutor pointed to the judge's instructions and read them aloud, noting "But number four, he changed his address and he didn't notify proper authorities." Nary a word about any intent to move or anticipation of moving.

Similarly, the defense addressed only the offense set out in the jury instructions, not the distinctly different offense indicted:

> The last element, that he moved for more than seven days and failed to notify the Longview Police Department, I don't agree with. They're saying because he was given a criminal trespass warning, he moved. Well, I hate to tell you this, but a lot of people violate criminal trespass warnings.

convicted appellant for that unindicted offense, but it does not make the evidence legally sufficient to uphold a conviction for the offense that was actually indicted. And how can anyone suggest that the jury actually found that appellant failed to notify the authorities of his intention to move seven days in advance of that intended move when no one ever even mentioned the word "intention" or "intend" or "anticipated"? Everyone at trial–the judge, the prosecutor, the defense attorney, the jury–was focused solely upon the "afterwards" change-of-address offense, the offense that appellant actually did commit but was not charged with.

The moral of this story is that the State should *always* plead the "afterwards" change-of-address offense, as well as the "intends to change address" offense. The majority finds the evidence sufficient to prove an offense that was not alleged, but remands the case for the

---

> Now, if he had gone down and registered a new address and continued to live at the Courtyard Apartments, he would be in violation of the Act. But if he continued to live there, even though he was given a criminal trespass warning, he wasn't in violation of the Act. He wasn't violating the law.

The second prosecutor, in final summation, put the question starkly:

> Has this defendant changed his address for more than seven days and intentionally or knowingly failed to go . . . to Longview P.D. and make them aware of it. . . .
> And all he had to do was go to the P.D., he still hadn't done it. As we sit here, he still hasn't done it. All he had to do was go up to the P.D., meet Mr. Brownlee and say, "Listen, something happened." You heard the detective testify that sometimes they know things happen. He gets kicked out, he gets CT'd, they know that. Maybe the house burns down. They go to him, they don't stick to that seven-day window, they work with you. . . .
> And all you have to find is that sometime before this charge was brought– that's all we need to show, that sometime before this charge was brought and around the date that was said, he did change his address but didn't come to the P.D. to report it.

court of appeals to review what is most assuredly a material variance between the indicted offense and the unindicted offense.

I respectfully dissent and would affirm the judgment of the court of appeals.

Filed: September 24, 2014
Publish