

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00046-CR

CLISTER RAY THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 41776-A

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

# O P I N I O N

Clister Ray Thomas appealed his conviction of failure to comply with sex-offender registration requirements. This Court reversed the judgment of the trial court, finding that the evidence was legally insufficient to support the judgment. *Thomas v. State*, 411 S.W.3d 685, 693–94 (Tex. App.—Texarkana 2013), *rev'd*, 444 S.W.3d 4, 11 (Tex. Crim. App. 2014). The Texas Court of Criminal Appeals reversed our judgment, holding that the evidence was legally sufficient to support Thomas' conviction. *Thomas*, 444 S.W.3d at 11. In this opinion on remand, we are called on to consider whether Thomas was harmed by any error in the jury charge. *Id*. at 6. Because error in the jury charge egregiously harmed Thomas, we reverse the judgment of the trial court and remand for a new trial.

## I.    Background

A detailed discussion of the facts of this case is included in our previous opinion. *See Thomas*, 411 S.W.3d at 686–87. For purposes of this opinion, we will confine our discussion of the facts to those pertinent to the issue before us.

The indictment against Thomas alleged,

[O]n or about the 13th day of June, 2012, and anterior to the presentment of this Indictment, in the County and State aforesaid, CLISTER RAY THOMAS, hereinafter called Defendant, did then and there while being a person required to register with the local law enforcement authority in the municipality where the Defendant resided or intended to reside for more than seven days to wit: Longview, Texas, and being a person required to comply with the registration requirements of Chapter 62 of the Texas Code of Criminal Procedure and having a duty to verify registration annually for life because of a reportable conviction or adjudication for Aggravated Sexual Assault, did intentionally or knowingly fail to report in person to the Longview Police Department, the local law enforcement authority in the municipality where the Defendant resided and had last registered and provide the Defendant's anticipated move date and the new address

2

anticipated not later than the seventh day before the anticipated move date as required by the Texas Code of Criminal Procedure . . . .

As stated in our previous opinion,

> A person commits the offense of failure to comply with registration requirements if the person 'is required to register and fails to comply with any requirement' of Chapter 62. TEX. CODE CRIM. PROC. ANN. art. 62.102 (West 2006). Under article 62.055(a), "[i]f a person required to register under this chapter intends to change address, . . . the person shall, not later than the seventh day *before the intended change*, report in person to the local law enforcement authority designated as the person's primary registration authority by the department and to the . . . officer supervising the person and provide the authority and the officer with the person's *anticipated move date and new address*." TEX. CRIM. PROC. CODE ANN. art. 62.055(a) (West Supp. 2012) (emphasis added). Under the indictment, Thomas was only charged with failing to comply with this specific requirement. The indictment does not allege that Thomas failed to provide proof of his new address within seven days *after changing the address*. *See id*.

*Id.* at 688 (footnotes omitted).

The application paragraph of the jury charge, unlike the indictment, did not include the failure to comply with the registration requirements by failing to advise the Longview Police Department of the anticipated move date and new address at least seven days before the move:

The charge read,

> You must decide whether the state has proved, beyond a reasonable doubt, four elements. The elements are that—
>
> 1. the defendant was previously convicted of aggravated sexual assault; and
>
> 2. the defendant was required to comply with the sex offender registration program under chapter 62 of the Code of Criminal Procedure; and
>
> 3. the defendant was registered with the Longview Police Department as a sex offender as residing at a residence in Longview, Gregg County, Texas; and

3

4. the defendant changed his address for more than seven days and intentionally or knowingly failed to report in person to the Longview Police Department to register the defendant's new address.

You must all agree on elements 1, 2, 3, and 4 listed above. If you all agree the state has failed to prove, beyond a reasonable doubt, one or more of elements 1, 2, 3, and 4 listed above, you must find the defendant "not guilty."

If you all agree the state has proved each of the four elements above, you must find the defendant "guilty."

The jury found Thomas guilty "as charged in the indictment." In sum, Thomas was indicted for failing to comply with sex-offender registration requirements by failing to notify the appropriate authorities at least seven days in advance of his intended move, but the jury was charged with the law pertaining to the commission of that offense by a manner and means not alleged in the indictment.[1]

## II. The Jury Charge Was Erroneous

We employ a two-step process in our review of alleged jury charge error. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32).

---

[1]A person commits an offense if the person is required to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure and fails to comply with any requirement of the chapter. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a); *Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011) ("Article 62.102 is a generalized 'umbrella statute' that criminalizes the failure to comply with any of the registration requirements set out in Chapter 62."). Chapter 62 contains numerous distinct requirements in its various statutes. *Id*. The language of Article 62.055, though, states that a sex offender has a duty to report a change of address to the proper authorities both before and after a move. The failure to do so is an offense. TEX. CODE CRIM. PROC. ANN. art. 62.102(a). However, "the Legislature intended for the unit of prosecution to be one offense for each change of address." *Young*, 341 S.W.3d at 426.

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007). "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007)). "'The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application. It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and prevent confusion.'" *Id.* (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)).

Here, the charge does not track the language of the indictment. While the indictment authorized conviction based on Thomas' failure to inform the appropriate authorities of an anticipated change in address not later than the seventh day before the move, the jury charge authorized conviction only on proof that Thomas changed his residence for more than seven days without notifying the proper authorities of the new address.[2] Because the charge authorized a conviction on a theory different from that alleged in the indictment, the charge was erroneous. *See Nunez v. State*, 215 S.W.3d 537, 542 (Tex. App.—Waco 2007, pet. ref'd) (charge authorizing conviction on theory different from theory alleged in indictment was erroneous); *see also Kleese v. State*, 680 S.W.2d 664, 666 (Tex. App.—Fort Worth 1984, pet. ref'd) (when application paragraph authorizes conviction on theory not alleged in indictment, charge is fundamentally defective).

---

[2]The Court of Criminal Appeals described the hypothetically correct jury charge in this case as "one that authorized a jury to convict Appellant only (1) if he was required to register as a sex offender, and (2) he failed to report an anticipated change of address seven days before the intended change." *Thomas*, 444 S.W.3d at 10.

### III.    The Charge Error Was Egregiously Harmful

The level of harm necessary to require reversal due to jury charge error is dependent upon whether the appellant properly objected to the error.  *Abdnor*, 871 S.W.2d at 732.  Here, because Thomas did not object to the charge, we will not reverse unless the record shows the error resulted in egregious harm, *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g), such that he did not receive a fair and impartial trial.  *See Almanza*, 686 S.W.2d at 171; *Loun v. State*, 273 S.W.3d 406, 416 (Tex. App.—Texarkana 2008, no pet.).  "Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory."  *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007).  In making this determination, we review "the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information in the record as a whole."  *Villarreal v. State*, 205 S.W.3d 103, 106 (Tex. App.—Texarkana 2006, pet. dism'd, untimely filed) (citing *Almanza*, 686 S.W.2d at 171).  Direct evidence of harm is not required to establish egregious harm.  *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

The application paragraph of a jury charge specifies "'the factual circumstances under which the jury should convict or acquit[; they are] the 'heart and soul' of the jury charge.'"  *Riley v. State*, No. 06-13-00210-CR, 2014 WL 5899094, at *1 (Tex. App.—Texarkana Nov. 14, 2014, no pet. h.) (quoting *Vasquez v. State*, 389 S.W.3d 361, 367 (Tex. Crim. App. 2012)).  "A charge that does not apply the law to the facts fails to lead the jury to the threshold of its duty:  to decide those fact issues."  *Williams v. State*, 547 S.W.2d 18, 20 (Tex. Crim. App. 1977).  Here, the

6

application paragraph was clearly wrong. Additionally, the charge also contains an instruction in the abstract section, immediately preceding the erroneous application paragraph:

> A person commits the offense of **"Failure to Comply with Sex Offender's Registration Requirements"** if the person is required to register and intentionally or knowingly fails to comply with a requirement of the sex offender registration program under Chapter 62 of the Code of Criminal Procedure, *namely*, *if a person required to register changes address*, *and fails to report in person to the local law enforcement authority in the municipality in which the person's new residence is located and provide the authority in the municipality in which the person's new residence is located and provide the authority [sic] with proof of identity and proof of residence*, *where a defendant has resided for more than seven days.*

(Emphasis added). Although this instruction is a correct statement of the law in the abstract, it is not a correct statement of the law as applied to this case. We, thus, conclude that the jury charge, as a whole, was erroneous. *See Almanza*, 686 S.W.2d at 171. The state of the evidence and argument of counsel exacerbate these errors. The jury charge deprived Thomas of the right to have the jury consider the proper standard to be used in determining if he was guilty of the particular offense alleged in the indictment.

At trial, Thomas defended against the offense as set out in the jury charge (failure to report after moving). He testified that he did not change his registered address of 1900 South Green Street, Apartment number 210, because he did not actually move from that residence. Although Thomas admitted that he told police that he lived at a different address on Houston Street, he explained that this misinformation was provided in an attempt to protect his family from eviction. Thomas further testified that, at some point after June 13, 2012, he attempted to change his registration to the Houston Street address by speaking with a clerk in the Longview office for sex-offender registration. He conceded, however, that he never changed his

7

registration from South Green Street, again explaining that he never moved from that address. Defense witnesses, including Thomas' girlfriend and her daughter, testified that Thomas continued to reside at the South Green Street address even after issuance of the criminal trespass warning.

In closing, defense counsel argued, "The last element, that he moved for more than seven days and failed to notify the Longview Police Department, I don't agree with. They're saying because he was given a criminal trespass warning, he moved." Counsel maintained that Thomas continued to live at the South Green Street address after he received a criminal trespass warning for that address, and to do so was not a violation of the sex-offender registration requirements.

Throughout the trial, the State likewise focused precisely on the offense as explained in the jury charge. The State argued that Thomas "didn't go back to change the old address as he was required to do" and did not attempt to register his new address until law enforcement "found him at the new address where he said he resides." In its closing argument, the State maintained that Thomas "broke the law when he failed to register his address *after* being criminally trespassed from 1900 South Green Street, Longview, Texas." (Emphasis added). And, in discussing the elements of the offense, the State asked the jury if

> this defendant changed his address for more than seven days and intentionally or knowingly failed to . . . make [the Longview P.D.] aware of it.
>
> . . . .
>
> And all he had to do was go to the P.D., he still hadn't done it. As we sit there, he still hasn't done it. All he had to do was go up to the P.D., meet Mr. Brownlee and say, "Listen, something happened." You heard the detective testify that sometimes they know things happen. He gets kicked out, he gets CT'd, they

know that. Maybe the house burns down. They go to him, they don't stick to that seven-day window, they work with you.

. . . .

And all you have to find is that sometime before this charge was brought – that's all we need to show, that sometime before this charge was brought and around the date that was said, he did change his address but didn't come to the P.D. to report it.

As aptly recognized by Judge Cochran in her dissent in this matter, "Everyone at trial—the judge, the prosecutor, the defense attorney, the jury—was focused solely upon the 'afterwards' change-of-address offense, the offense that appellant actually did commit but was not charged with." *Thomas*, 444 S.W.3d at 14 (Cochran, J. dissenting).

Although the Court of Criminal Appeals determined that the evidence was legally sufficient to support Thomas' conviction, *Id.* at 11, it would be nothing short of the rankest speculation to determine that the jury would have convicted Thomas had it been correctly charged. Considering the jury charge in its entirety, the state of the evidence, and the arguments of counsel, we find that the erroneous jury charge denied Thomas the valuable right to have the jury decide his guilt on the proper basis and authorized a conviction for actions not alleged in the indictment. Thus, Thomas was denied a fair and impartial trial.

In so finding, we reject the State's contention that, because the jury need only determine that Thomas violated his duty to report a change of address and because the State proved both a "before" and a "after" violation, Thomas was not harmed by the erroneous charge. In support of this contention, the State relies on *Young*, 341 S.W.3d at 427–28 ("Jurors must unanimously agree only that a sex offender failed to fulfill his reporting duty; they are not required to agree as

9

to how he failed that duty."). In *Young*, however, the jury charge informed the jurors that "they could convict appellant if they found that he failed to give . . . notice of his change of address 'not later than the seventh day before his intended change of address' or 'not later than the seventh day after changing his address.'" *Id.* at 421. Unlike this case, the charge in *Young* tracked the indictment. *Id.* at 419. And, unlike this case, both the charge and the indictment alleged both the "before" and "after" manner and means of violating the relevant statute. Here, the indictment alleged a failure to report before moving, and the charge instructed the jury to find Thomas guilty only on proof beyond a reasonable doubt that he failed to report seven days after moving. We, thus, find the *Young* case inapposite.

## IV. Conclusion

We reverse the judgment of the trial court and remand for a new trial.



Jack Carter
Justice


Date Submitted:     December 29, 2014
Date Decided:       December 30, 2014

Publish

10