**Opinion filed June 20, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00166-CR

_____

## JONATHAN CARBAJAL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 27015A**

## M E M O R A N D U M   O P I N I O N

The jury convicted Jonathan Carbajal of the state-jail felony offense of failure to comply with sex offender registration requirements. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b), (1) (West 2018). During the punishment phase of trial, Appellant pleaded "true" to two prior felony convictions alleged for enhancement purposes: aggravated assault with a deadly weapon and injury to a child. Based on these sentencing enhancements, the jury assessed Appellant's punishment at

confinement for a term of eight years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, Appellant alleges that the trial court committed fundamental error by incorrectly instructing the jury on the proper elements required to convict Appellant of the indicted charge. We affirm.

*Background Facts*

We note at the outset that the testimony offered during the guilt/innocence phase was quite brief, comprising less than forty pages of the reporter's record. Appellant was required to register as a sex offender with the Abilene Police Department due to his prior conviction for indecency with a child by exposure. Detective Stacey Cisneros was the coordinator of the sex offender program for the Abilene Police Department. He was in charge of processing all registrations for new sex offenders and maintaining records for current registered sex offenders to ensure that they complied with registration requirements. Detective Cisneros testified that, in early December 2015, Appellant met with him to report that his address had changed. However, Appellant became verbally abusive and was asked to leave.

Appellant returned to Detective Cisneros's office on December 14, 2015. Appellant reported that he was homeless at that time, and Detective Cisneros explained that Appellant would be required to come back and register every thirty days to confirm his location until a physical address could be provided. Appellant signed a DPS sex offender registry document confirming his transient status. Detective Cisneros testified that he told Appellant to return for a thirty-day follow-up on January 14, 2016.

Two other officers from the Abilene Police Department testified at trial. Officer Loren Adlesperger testified that he issued a traffic citation to Appellant on December 19, 2015. Appellant provided Officer Adlesperger with an address on

North 20th Street in Abilene on this date. Officer Anthony Joeris testified that he issued a traffic citation to Appellant on January 2, 2016. Appellant provided Officer Joeris with the same address on North 20th Street that he had provided to Officer Adlesperger.

Appellant did not report to Detective Cisneros on January 14, 2016. Consequently, Detective Cisneros generated a case report on January 20, 2016, which led to the charges filed against Appellant in this case. At trial, the State alleged that the two traffic citations demonstrated that Appellant had moved to a new address but that he failed to provide the Abilene Police Department with notice at least seven days before Appellant moved to the new address.

*Analysis*

The indictment alleged that Appellant failed "to report in person to and provide the local law enforcement authority . . . with his anticipated move date and new address prior to the seventh day before the intended change" of Appellant's address. In his sole issue on appeal, Appellant contends that the jury charge impermissibly contained statutory language from Article 62.055(a) and (i), which would allow a jury to convict Appellant for conduct not authorized by the indictment. The "Application of Law to Facts" portion of the jury charge provided as follows:

> You must determine whether the state has proved, beyond a reasonable doubt, three elements. The elements are that—
>
> 1. The defendant was convicted of Indecency with a Child; and
>
> 2. As a result of the conviction the defendant, in Taylor County, Texas, on or about the 20th day of January, 2016, was required to register as a sex offender for a period of 10 years; and

3

a) if he intends to change address, he shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority by the department and provide the authority and the officer with the person's anticipated move date and new address. If he changes address, he shall, not later than the later of the seventh day after changing the address or the first date the applicable local law enforcement authority by policy allows the person to report, report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence or;

b) if he resides for more than seven days at a location to which a physical address has not been assigned by a governmental entity, he, not less than once in each 30-day period, shall confirm his location or locations by reporting to the local law enforcement authority in the municipality where he resides; and

3. the defendant failed to report in person or failed to prove the local law enforcement authority namely, the Abilene Police Department of an intended change of his address with his anticipated move date and new address prior to the seventh day before the intended change as required by Art. 62.055 of the Texas Code of Criminal Procedure.

Appellant contends that paragraphs 2(a) and (b) allowed the jury to convict Appellant by a manner and means not alleged in the indictment. Specifically, Appellant alleges that the jury charge instructed the jury that it could convict Appellant if it found that Appellant had violated (1) the part of Article 62.055(a) that requires a person to report a change of address not later than the seventh day *before* the intended change of address, (2) the part of Article 62.055(a) that requires a person to report not later than seven days *after* changing his address, or

4

(3) Article 62.055(i), which requires a person to confirm his location with the appropriate authority every thirty days if he resides for more than seven days at a location without a physical address. Appellant contends that, since the indictment only alleged a failure to report a change of address not later than the seventh day *before* the intended change of address, any references to other reporting requirements "made the application paragraph unintelligible" and constituted reversible error. We disagree.

We note at the outset that Appellant did not make any objections to the jury charge. "[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if no error occurred, our analysis ends. *Id.* If error occurred, whether it was preserved then determines the degree of harm required for reversal. *Id.*; *see Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). Where, as here, Appellant did not raise a timely objection to the jury instructions, Appellant will obtain a reversal only if the error is so egregious and created such harm that he "has not had a fair and impartial trial." *Barrios*, 283 S.W.3d at 350 (quoting *Almanza*, 686 S.W.2d at 171).

A person commits the offense of failure to comply with registration requirements if the person "is required to register and fails to comply with any requirement" of Chapter 62 of the Texas Code of Criminal Procedure. *See* CRIM. PROC. art. 62.102(a); *Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011) ("Article 62.102 is a generalized 'umbrella' statute that criminalizes the failure to comply with any of the registration requirements set out in Chapter 62."). Under Article 62.055, a person with a reportable conviction must inform the proper

authority of any change of address. *See* CRIM. PROC. art. 62.055. There are two manners and means by which a person can violate Article 62.055(a): (1) failure to report a change of address "not later than the seventh day *before* the intended change" or (2) failure to report "not later than the . . . seventh day *after* changing the address." *Id.* art. 62.055(a) (emphasis added); *see Young*, 341 S.W.3d at 427 ("Reporting a change of address 'not later than the seventh day before the intended change' and 'not later than the . . . seventh day after changing the address' are . . . alternative manners and means of committing a single offense.").

Appellant asserts that the language in the jury charge was inappropriate due to "references to statutory language that was not authorized by the indictment." In support of his argument, Appellant cites *Thomas v. State*, 444 S.W.3d 4 (Tex. Crim. App. 2014). In *Thomas*, the Court of Criminal Appeals held that a variance between the indictment and the jury charge concerning the manner and means of committing the offense constituted error. 444 S.W.3d at 11. The indictment charged the defendant with failing to report a change of address at least seven days *before* the intended change. *Id.* at 10. However, the jury charge allowed the jury to convict the defendant only if he changed his address for at least seven days and failed to register the new address with the Longview Police Department *after* the move. *Id.* at 11. The Court of Criminal Appeals explained that, because the indictment stated a specific statutory manner and means, the "law as authorized by the indictment" in that case allowed the jury to convict only if the defendant failed to report a change in his address not later than the seventh day *before* the intended change. *Id.* at 10. As such, the Court of Criminal Appeals held that it was error to instruct the jury to consider a manner and means not authorized in the indictment and remanded the case to the Texarkana Court of Appeals to conduct a harm analysis. *Id.* at 11. On

remand, the Texarkana Court of Appeals concluded that the jury charge error rose to the level of egregious harm. *Thomas v. State*, 454 S.W.3d 660, 666 (Tex. App.— Texarkana 2014, pet. ref'd).

The State asserts that paragraphs 2(a) and (b) "were merely reiterations of the conditions that [Appellant] was under as a registered sex offender and not allegations that he violated those conditions." The State notes that each part of those paragraphs begins with "if" and continues to note a requirement for a person required to register under Chapter 62 of the Code of Criminal Procedure. The State additionally asserts that paragraph 3 contained the "actual allegation of the requirement that [Appellant] violated," which is that Appellant "failed to report . . . an intended change of his address prior to the seventh day before the intended change." The State also notes that the "Accusation" paragraph of the jury charge correctly instructed the jury as follows:

> The state accuses the defendant of having committed the offense of failure to register as a sex offender. Specifically, the accusation is that the defendant, while knowing that he was a person required to register under the sex offender registration program, Chapter 62, of the Texas Code of Criminal Procedure, failed to comply with said program after having a reportable conviction, deferred adjudication or adjudication for the offense of indecency with a child, failed to report in person to and provide the local law enforcement authority of an intended change of his address with his anticipated move date and new address prior to the seventh day before the intended change.

In this regard, the jury found Appellant guilty of failure to register as a sex offender "as charged in the Indictment."

To the extent that the jury charge erroneously instructed the jury by including uncharged grounds for convicting Appellant, we conclude that Appellant was not egregiously harmed. "Jury-charge error is egregiously harmful if it affects the very

7

basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016). Under the relevant standard, courts have traditionally considered (1) the entirety of the jury charge, (2) the state of the evidence, (3) counsel's arguments, and (4) any other relevant information revealed by the entire trial record. *Id.* "[C]ourts are required to review the relevant portions of the *entire* record to determine whether [a defendant] suffered actual harm, as opposed to theoretical harm, as a result of the error." *Id.*

The facts in this case are distinguishable from those in *Thomas* because the jury charge in *Thomas* did not contain the only manner and means alleged in the indictment. 454 S.W.3d at 664. In this case, the jury charge included the manner and means charged in the indictment. Accordingly, the jury charge authorized Appellant's conviction for the conduct with which he was charged. On remand, the Texarkana Court of Appeals found egregious harm in *Thomas* because the evidence at trial and arguments of counsel focused exclusively on the uncharged manner and means. The evidence and arguments in this case addressed the charged manner and means of Appellant failing to report a change of address before the intended change.

The matters in the jury charge that Appellant challenges on appeal did not affect his defensive theory at trial. *See Marshall*, 479 S.W.3d at 845. To the contrary, paragraphs 2(a) and (b) supported his defensive theory that he could not have knowingly violated Article 62.055 because the reporting requirements are "confusing as all get out." Appellant's trial counsel also argued that Appellant could not have informed the police seven days before his move because he did not know that he would be moving that far in advance. Paragraphs 2(a) and (b) had no effect on this defensive contention. As previously noted, other portions of the jury charge

8

correctly instructed the jury on the charged manner and means. Finally, paragraphs 2(a) and (b) were set out in the element requiring the jury to find that Appellant had a conviction requiring him to register as a sex offender. This element was not in dispute at trial. Thus, we conclude that Appellant did not suffer actual harm based on the challenged portions of the court's charge. *See id.* at 843. Accordingly, Appellant was not egregiously harmed. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE

June 20, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.